**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANIEL WILLIAM WHEELER,

      Plaintiff,                    Civil Action No. 2:16-CV-13653

v.                               HONORABLE ARTHUR J. TARNOW

                               UNITED STATES DISTRICT COURT

RICK SNYDER, et. Al.,

      Defendants,

_____/

<u>**OPINION AND ORDER DENYING PLAINTIFF'S CIVIL RIGHTS COMPLAINT, TRANSFERRING CASE TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A), AND DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL**</u>

## I. <u>Introduction</u>

The Court has before it Plaintiff Daniel William Wheeler's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Handlon Correctional Facility in Ionia, Michigan. For the reasons stated below, the Court will deny plaintiff's civil rights complaint, because it fails to state a claim upon which relief can be granted. This Court further construes plaintiff's action as a second or successive petition for habeas relief and will transfer the matter to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition. The Court denies plaintiff's motion for the appointment of counsel.

1

*Wheeler v. Snyder, et. Al.,* U.S.D.C. 16-CV-13563

## II. <u>Standard of Review</u>

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (I) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.
>
> 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir. 2000)(citing *Neitzke*, 490 U.S. at 327-28).  A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown*, 207 F. 3d at 867.  *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich.1994)(citing *Estelle v. Gamble*, 429

2

*Wheeler v. Snyder, et. Al.,* U.S.D.C. 16-CV-13563

U.S. 97, 106 (1976)); that is, they are held to a "less stringent standard" than

those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Such

complaints, however, must plead facts sufficient to show a legal wrong has been

committed from which plaintiff may be granted relief. Fed.R.Civ.P. 12(b);

*Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich.2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights

plaintiff must establish that: (1) the defendant acted under color of state law; and

(2) the offending conduct deprived the plaintiff of rights secured by federal law.

*Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir.1998) (citing *Parratt v. Taylor*, 451

U.S. 527, 535 (1981)).  "If a plaintiff fails to make a showing on any essential

element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532

(6th Cir. 2001).

### III.  Complaint

Plaintiff was convicted of first-degree murder in the Shiawasee County

Circuit Court in 1971. [1]  Plaintiff claims that he was a juvenile at the time of the

offense.  Plaintiff alleges that the state circuit court never acquired jurisdiction

over his case because there was no hearing in the juvenile court to determine

---

[1] Plaintiff does not state in his complaint the date or the county of his
conviction.  This Court obtained this information from the Michigan Department of
Corrections' Offender Tracking Information System (OTIS), which this Court is
permitted to take judicial notice of. *See Ward v. Wolfenbarger,*323 F. Supp. 2d
818, 821, n. 3 (E.D. Mich. 2004).

3

*Wheeler v. Snyder, et. Al.,* U.S.D.C. 16-CV-13563

whether he should be tried as an adult.  Plaintiff further claims that his due process rights were violated because he was never informed that he had a right to appeal, nor was appellate counsel appointed to assist him with any appeal. Plaintiff also claims that the judge violated the Eighth Amendment ban on cruel and unusual punishment by imposing a non-parolable life sentence for a crime that plaintiff committed when he was a juvenile.

## IV.  Discussion

Plaintiff is unable to obtain monetary damages arising from his conviction absent a showing that his criminal conviction had been overturned.  To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, thus, his allegations relating to his criminal prosecution, conviction, and incarceration, against the defendants fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 F. App'x. 856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d at 756.

4

*Wheeler v. Snyder, et. Al.,* U.S.D.C. 16-CV-13563

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 609 (E.D. Mich. 2004). Therefore, because this Court is dismissing plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *See e.g. Finley v. Densford,* 90 F. App'x. 137, 138 (6th Cir. 2004).

To the extent that plaintiff is seeking to have his criminal conviction or sentence vacated or set aside, his appropriate federal remedy would be to file a petition for writ of habeas corpus. Where a state prisoner is challenging the very fact or duration of his or her physical imprisonment and the relief that he or she seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Petitioner has already challenged his conviction, which was denied on the merits. *See Wheeler v. Jones,* U.S.D.C. No. 1:97-CV-00092 (W.D. Mich. Dec. 17, 1998); *aff'd* 226 F. 3d 656 (6th Cir. 2000); *cert. den.* 532 U.S. 1068 (2001).

5

*Wheeler v. Snyder, et. Al.,* U.S.D.C. 16-CV-13563

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 825-26 (E.D. Mich. 2004). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 826; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

The Court is aware that petitioner's third claim alleging the unconstitutionality of his sentence is based on the Supreme Court's decision in *Miller v. Alabama,* 132 S. Ct. 2455 (2012), which held that a mandatory sentence of life imprisonment without parole for defendants who were under 18 years old

6

*Wheeler v. Snyder, et. Al.,* U.S.D.C. 16-CV-13563

when they committed their crimes violates the Eighth Amendment.  The United States Supreme Court recently held that *Miller* should be applied retroactively. *See Montgomery v. Louisiana,* 136 S. Ct. 718, 734 (2016).  Petitioner obviously could not have brought his sentencing claim in his prior habeas petition because *Miller* has only recently been made retroactive.  Although a district court has the ability to adjudicate a newly ripe claim even in the absence of pre-authorization from the Sixth Circuit, *See In Re Smith,* 690 F. 3d 809, 810 (6th Cir. 2012), petitioner's inclusion of his two other claims that would not be considered "newly ripe" renders his current petition a second or successive petition, for purposes of 28 U.S.C. 2244(b), even if petitioner's sentencing claim would not qualify as second or successive. *See Allen v. Colson*, 953 F. Supp. 2d 870, 877 (M.D. Tenn. 2013).

A habeas petitioner's motion or filing should be construed as a second or successive habeas petition where "[t]he motion's factual predicate deals primarily with the constitutionality of the underlying state [or federal] conviction or sentence." *In Re Abdur'Rahman,* 392 F.3d 174, 181 (6th Cir. 2004)(citing *Rodwell v. Pepe,* 324 F.3d 66, 70 (1st Cir. 2003)).  Where a prisoner's motion or filing is the functional equivalent of a second or successive habeas petition, he or she must obtain permission from the court of appeals before bringing such an action in the district court. *See e.g. Long v. Commonwealth of Kentucky,* 80 F. App'x.

7

*Wheeler v. Snyder, et. Al.,* U.S.D.C. 16-CV-13563

410, 414 (6th Cir. 2003)(The provisions of 28 U.S.C. § 2244(b) apply equally to

habeas petitions filed by a state prisoner under 28 U.S.C. § 2241, the general

habeas statute); *Byrd v. Bagley,* 37 F. App'x. 94, 95 (6th Cir. 2002)(same).  To

the extent that plaintiff's civil rights complaint is the equivalent of a second or

successive habeas petition, it must be transferred to the Sixth Circuit for a

certificate of authorization pursuant to § 2244(b)(3)(A).

The Court will deny plaintiff's motion for the appointment of counsel.

Although there is a fundamental constitutional right to counsel in criminal cases,

there is no constitutional right to appointed counsel in a civil case. *Abdur-Rahman*

*v. Michigan Dep't of Corrections,* 65 F. 3d 489, 492 (6th Cir. 1995).  Plaintiff also

does not have a statutory right to the appointment of counsel in a federal civil

rights case. *See Glover v. Johnson*, 75 F. 3d 264, 268 (6th Cir. 1996).

## V.  ORDER

**IT IS HEREBY ORDERED** that plaintiff's civil rights complaint is

**DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk of the Court transfer this case to

the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. §

1631, 28 U.S.C. § 2244(b)(3)(A) for a determination of whether plaintiff should be

permitted to file a subsequent habeas petition.

8

*Wheeler v. Snyder, et. Al.,* U.S.D.C. 16-CV-13563

**IT IS FURTHER ORDERED** that the motion for the appointment of counsel

[Dkt. # 3] is **DENIED**.


s/Arthur J. Tarnow_____
**HON. ARTHUR J. TARNOW**
SENIOR U. S. DISTRICT COURT JUDGE

DATED: October 28, 2016

9